## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHARLES GLIDEWELL, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CIV-14-477-M |
| | ) |
| 1. CSAA GENERAL INSURANCE | ) |
| COMPANY D/B/A AAA FIRE & | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| a foreign for-profit Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### A.  Parties

1.     Plaintiff, Charles Glidewell, is a citizen of the State of Oklahoma.

2.     Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the state of Indiana.

3.     The principal place of business for Defendant, ACA Insurance Company d/b/a AAA Fire & Casualty Insurance Company, is within the state of California.

4.     The Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, is licensed to conduct business in the state of

Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5.     This action is not related to any other case filed in this court.

## B. Jurisdiction

6.     The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs

## C. Facts

7.     At all times material hereto, the Plaintiff, Charles Glidewell, was insured under the terms and conditions of a property insurance policy, policy number 00293425, issued by the Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company.

8.     At all times material hereto, the Plaintiff, Charles Glidewell, complied with the terms and conditions of his insurance policy.

9.     At all times material hereto, the Plaintiff, Charles Glidewell, owned a home located at 2105 SE 3rd Street in Moore, Oklahoma.

10.     On or about May 20, 2013, Plaintiff's home was damaged as a result of a tornado and wind storm.

11.     Tornado and wind are covered perils not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

## D. Count I Breach of Contract

12.    Plaintiff, Charles Glidewell, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13.    The property insurance policy, policy number 00293425, issued by the Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company was in effect on May 20, 2013.

14.    Subsequent to the May 20, 2013 hail storm, Plaintiff, Charles Glidewell, timely submitted a claim to Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company.

15.    The acts and omissions of Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, breached its contract with Plaintiff, Charles Glidewell, by failing to conduct a reasonable investigation of the Plaintiff's claim and by omitting structural damages to Plaintiff's home, including damages to Plaintiff's brick veneer, which Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, knew were caused by the tornado.

16.    Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, further breached its contract with Plaintiff, Charles Glidewell, and acted in bad faith by improperly and in bad faith by ignoring the report and findings of Defendant's own engineer in order to reduce the claim payment issued to its insured. Defendant also ignored information submitted by its first party insured, including the history of the damage at Plaintiff's home, which supports coverage. Defendant's improper and unreasonable actions resulted in the issuance of an improper scope of damage and claim payment to its insured, Charles Glidewell. The improper and inaccurate scope of damage and claim payment generated by Defendant has prohibited the Plaintiff from returning his home to its pre-loss condition.

### E. Count II Bad Faith

17.    Plaintiff, Charles Glidewell, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

18.    The acts and omissions of the Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19.    Subsequent to the May 20, 2013 hail storm, Plaintiff, Charles Glidewell, timely submitted a claim to Defendant, CSAA General Insurance Company d/b/a

AAA Fire & Casualty Insurance Company.

20.     The acts and omissions of Defendant, CSAA General Insurance Company
d/b/a AAA Fire & Casualty Insurance Company, in the investigation, evaluation,
and denial of Plaintiff's claim were unreasonable and constitute a breach of
contract for which contractual damages are hereby sought.   Defendant, CSAA
General Insurance Company d/b/a AAA Fire & Casualty Insurance Company,
breached its contract with Plaintiff, Charles Glidewell, by failing to conduct a
reasonable investigation of the Plaintiff's claim and by omitting structural damages
to Plaintiff's home, including damages to Plaintiff's brick veneer, which
Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty
Insurance Company, knew were caused by the tornado.

21.     Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty
Insurance Company, further breached its contract with Plaintiff, Charles Glidewell,
and acted in bad faith by improperly and in bad faith ignoring the report and
findings of Defendant's own engineer in order to reduce the claim payment issued
to its insured. Defendant also ignored information submitted by its first party
insured, including the history of the damage at Plaintiff's home, which supports
coverage.  Defendant's improper and unreasonable actions resulted in the issuance
of an improper scope of damage and claim payment to its insured, Charles
Glidewell.   The improper and inaccurate scope of damage and claim payment

generated by Defendant has prohibited the Plaintiff from returning his home to its pre-loss condition.

22.     Defendant's unreasonable and bad faith refusal to pay for the damage to Plaintiff's structure, including the Plaintiff's brick veneer, was unreasonable, outside of insurance industry standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claims payments issued by Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company.

## F. Count III Punitive Damages

23.     Plaintiff, Charles Glidewell, hereby asserts, alleges and incorporates paragraphs 1-22 herein.

24.     The unreasonable conduct of the Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, Charles Glidewell, for which punitive damages are hereby sought.

## G. Demand for Jury Trial

25.     The Plaintiff, Charles Glidewell, hereby requests that the matters set forth herein be determined by a jury of his peers.

## H. Prayer

26.    Having properly pled, the Plaintiff, Charles Glidewell, hereby seeks contractual, bad faith and punitive damages against the Defendant, CSAA General Insurance Company d/b/a AAA Fire & Casualty Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**